IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WNWSR, L.L.C. | § § § | |
| | § | C.A. NO. 4:15-cv-01860 |
| v. | § § | |
| CHESAPEAKE ENERGY CORPORATION, ET AL. | § § § | |

**OPPOSITION OF THE PXP ENTITIES**[1]
**TO PLAINTIFF'S MOTION FOR LEAVE**
**TO JOIN LARCHMONT RESOURCES L.L.C.**
**<u>AND JAMESTOWN RESOURCES L.L.C.</u>**

JONES WALKER LLP
Michael B. Donald
Attorney in Charge
State Bar No. 00792287
Federal I.D. No. 16891
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: 713/437-1800
Facsimile:  713/437-1810
mdonald@joneswalker.com
***Attorney in Charge for Freeport McMoRan Oil & Gas LLC, PXP Louisiana L.L.C., and PXP Louisiana Operations LLC***

OF COUNSEL:
JONES WALKER LLP
Nicole M. Duarte
State Bar No. 24089880
Federal I.D. No. (pending)
Krystal P. Scott
State Bar No. 24056288
Federal I.D. No. 860552
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: 713/437-1800
Facsimile:  713/437-1810
nduarte@joneswalker.com
kscott@joneswalker.com

---

[1] PXP Louisiana L.L.C., PXP Louisiana Operations LLC, and Freeport McMoRan Oil & Gas LLC.

{HD072196.1}

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDING ................................................................................1

ISSUE TO BE DECIDED BY THE COURT AND STANDARD OF REVIEW ..........................1

BACKGROUND ..............................................................................................................................2

SUMMARY OF ARGUMENT .........................................................................................................4

ARGUMENT.....................................................................................................................................5

    I.    28 U.S.C. § 1447(e) and *Hensgens* Provide The Relevant Standard For Deciding The Motion For Leave To Amend. ...........................................................6

    II.    Plaintiff's Motion For Leave To Amend To Add Larchmont and Jamestown Should Be Denied Because The Purpose Of The Proposed Joinder Is To Destroy Diversity Jurisdiction. ..........................................................7

        A.    Extent to Which the Purpose of the Amendment is to Defeat Jurisdiction.......................................................................................................7

        B.    Whether Plaintiff was Dilatory in Asking for Amendment.......................10

        C.    Whether Plaintiff will be Significantly Injured if Amendment is not Allowed................................................................................................11

        D.    Conclusion with respect to *Hensgens* factors. ............................................12

CONCLUSION................................................................................................................................13

CERTIFICATE OF SERVICE .........................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Adey/Vandling, Ltd. v. America First Ins. Co.*, No. A-11-CV-1007-LY, 2012 WL 534838 (W.D. Tex. Feb. 17, 2012) ................................................................................................ 8, 9

*Boyce v. CitiMortgage, Inc.* 992 F. Supp. 2d 709 (W.D. Tex. 2014) ............................................ 2

*Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570 (S.D.Tex.2009) ....................................... 7

*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) .......................................................... 6, 7

*Rouf v. Cricket Communications, Inc.*, No. H-13-2778, 2013 WL 6079255 (S.D. Tex. Nov. 19, 2013) ................................................................................. 6, 7, 8, 9, 10, 11, 12

*Smith v. Robin America, Inc.*, No. 08-3565, 2009 WL 2485549 (S.D. Tex. Aug. 7, 2009) ........... 6

*Wein v. Liberty Lloyds of Texas Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915 (W.D. Tex. Mar. 19, 2015) ....................................................................................... 8, 9, 10, 11

*Whitworth v. TNT Bestway Transp.*, 914 F. Supp. 1434 (S.D. Miss. 1995) .................................. 7

*Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, No. 5:15-cv-325, 2015 WL 3971415 (W.D. Tex. June 30, 2015) ............................................................................. 8, 9, 10, 11

**Statutes**

28 U.S.C. § 1447(c) ........................................................................................................................ 7

28 U.S.C. § 1447(e) ........................................................................................................ 1, 2, 4, 6, 7

La. R.S. 21:129 ......................................................................................................................... 5, 11

La. R.S. 31: 137 .............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 19(a)(1) .................................................................................................................. 6

**OPPOSITION OF THE PXP ENTITIES
TO PLAINTIFF'S MOTION FOR LEAVE
TO JOIN LARCHMONT RESOURCES L.L.C.
AND JAMESTOWN RESOURCES, L.L.C.**

Plaintiff has moved for leave to amend its complaint to add Larchmont Resources, L.L.C. ("Larchmont") and Jamestown Resources, L.L.C. ("Jamestown"), at least one of which is apparently a non-diverse entity whose citizenship would destroy diversity jurisdiction.[2] ECF No. 13. However, Plaintiff's pre-suit demand letter and Larchmont's and Jamestown's response thereto establish beyond the shadow of a doubt that Plaintiff knew of these entities' interest in the leases at issue prior to the filing of the original petition yet chose not to join Larchmont and Jamestown until after Defendants had removed the action to this Court. Because these facts demonstrate that the purpose of the joinder of Larchmont and Jamestown at this late date is to destroy diversity jurisdiction, and because the other relevant factors likewise weigh against allowing amendment, Plaintiff's motion for leave should be denied pursuant to 28 U.S.C. § 1447(e).

## NATURE AND STAGE OF PROCEEDING

In the present action, Plaintiff seeks to recover for allegedly underpaid mineral royalties with respect to leases of its property located in the State of Louisiana. The parties submitted a joint discovery/case management plan and proposed scheduling order on October 20, 2015. ECF No. 18.

## ISSUE TO BE DECIDED BY THE COURT AND STANDARD OF REVIEW

The sole issue to be decided by the Court in conjunction with Plaintiff's motion for leave is whether leave should be granted or denied under 28 U.S.C. § 1447(e) to add Larchmont and

---

[2] Plaintiff has obtained affidavits indicating that Larchmont has Louisiana citizens in its chain of ownership.

1

Jamestown, entities whose citizenship would apparently destroy diversity jurisdiction over this action.

Pursuant to 28 U.S.C. § 1447(e), the Court has discretion to "deny joinder or permit joinder and remand the action to the State court" where, after removal, the Plaintiff seeks to add a party whose joinder would destroy subject matter jurisdiction. 28 U.S.C. § 1447(e); *Boyce v. CitiMortgage, Inc.* 992 F. Supp. 2d 709, 715 (W.D. Tex. 2014).

## BACKGROUND

The present action involves allegedly underpaid mineral royalties under leases executed by Plaintiff with respect to certain property in DeSoto Parish, Louisiana (the "Leases"). As established by the partial assignments included as an exhibit to Plaintiff's motion for leave to amend, partial transfers of the lessee's interest in the Leases were made by lessee Chesapeake Louisiana, L.P. ("Chesapeake Louisiana") to Larchmont and Jamestown and recorded in the DeSoto Parish Conveyance Records on March 4, 2011 and October 19, 2011, respectively. One transfer conferred upon Larchmont a 2.5% working interest in a particular well drilled under the Leases, and the other transfer conferred upon Jamestown a similar interest in a different well drilled under the Leases. The transfer had nothing whatsoever to do with any of the PXP Entities' separate 20% interest in the Leases, as it was carved out of Chesapeake Louisiana's leasehold interest.

Consistent with Louisiana law requiring a pre-suit notice/demand prior to the filing of any action for unpaid or underpaid royalties,[3] Plaintiff's counsel Preston Dugas transmitted a letter on February 26, 2015 to several entities, including Larchmont and Jamestown, that he

---

[3] *See* La. R.S. 31: 137 ("If a mineral lessor seek relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease.")

believed may have acquired an interest in the Leases pursuant to the "Founder Well Participation Program." *See* Exhibit A ("sometime during the pendency of the Lease(s) listed above . . . Chesapeake assigned or subleased 2.5% interest of the lease to You as part of the Founder Well Participation Program, and it is believed that this interest was then transferred to one of the named companies mentioned above. As a result, you are responsible directly to Client for performance of Chesapeake's lease obligations.") The letter specifically stated that these entities, including Larchmont and Jamestown, were liable for underpaid royalties under the Lease, going so far as to mention "the fraudulent and/or willful conduct of You and Chesapeake, its affiliated companies, third parties it had dealings with in the Haynesville Shale area, PXP and FCX." *Id.*

On March 30, 2015, counsel for Larchmont and Jamestown responded to the demand letter from Mr. Dugas, stating that Larchmont and Jamestown each had a 2.5% interest in a well under the Leases. Exhibit B. Thus: (1) Plaintiff was aware of the Founder Well Participation Program and Larchmont's and Jamestown's actual interests in the Leases at issue in March, 2015; and (2) the public record affirmatively demonstrated the existence of Larchmont's and Jamestown's interests on March 4, 2011 and October 19, 2011, respectively.

Plaintiff filed the present action in state court on May 15, 2015. ECF No. 1. Despite having issued its pre-suit demand letter to Larchmont and having received a reply from Larchmont's and Jamestown's own counsel stating clearly and unambiguously that these two entities had interests in the Leases, Plaintiff did not name either Larchmont or Jamestown as a party defendant. Instead, Plaintiff named only the parties with a potentially larger interest in the Lease – *i.e.,* the Chesapeake Entities (roughly 77.5% interest), and the PXP Entities (20% interest).

On June 29, 2015, Defendants removed the present action to this Court on the basis of diversity jurisdiction. ECF No. 1.

On September 3, 2015, over three months after the filing of his original state court petition and over two months after the removal of the action, Plaintiff filed the present motion for leave to amend to add Larchmont and Jamestown as party defendants.

In summary, the timeline of relevant events is as follows:

| | |
|---|---|
| March 4, 2011 | Recordation of Larchmont transfer |
| October 19, 2011 | Recordation of Jamestown transfer |
| February 26, 2015 | Plaintiff's demand letter to Larchmont and Jamestown |
| March 30, 2015 | Larchmont's and Jamestown's response letter to Plaintiff |
| May 15, 2015 | Plaintiff files original Petition in state court omitting Larchmont and Jamestown as party defendants |
| June 29, 2015 | Defendants remove action to this Court |
| September 3, 2015 | Plaintiff moves for leave to add Larchmont and Jamestown |

## SUMMARY OF ARGUMENT

An amendment that would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When considering such amendment, the court must address the following factors in its analysis: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be

4

significantly injured if the amendment is not allowed; and (4) any other equitable factors bearing on the amendment.

In the present case, the first three factors weigh against amendment, and the there are no other equitable factors that apply. With regard to the first factor, it is clear that the purpose of the proposed amendment is to defeat jurisdiction given that Plaintiff knew of the existence and potential role of the non-diverse entities yet chose not to: (1) search the public records to confirm whether the entities had and interest, and/or (2) join those entities as party defendants in the original state court petition. With regard to the second factor, the time frame of the filing of the motion for leave to amend (over three months after the original state court petition and over two months after the removal notice) demonstrates dilatoriness, and the filing of the motion for leave only after the removal of this action buttresses the conclusion of dilatoriness and desire to defeat jurisdiction. Finally, with regard to the third factor, Plaintiff will not be significantly prejudiced by denial of the amendment because it can recover the full measure of any damages awarded from Chesapeake Louisiana, which remains liable for Larchmont's and Jamestown's small 2.5% interest under Louisiana's law applicable to the transfer of a portion of the lessee's interest in a mineral lease. La. R.S. 21:129. Therefore, Plaintiff's motion for leave to amend to add Larchmont and Jamestown should be denied, and this Court should retain jurisdiction over this action.

## ARGUMENT

**I.     28 U.S.C. § 1447(E) AND *HENSGENS* PROVIDE THE RELEVANT STANDARD FOR DECIDING THE MOTION FOR LEAVE TO AMEND.**

In its motion, Plaintiff argues that leave to amend should be granted under Federal Rules of Civil Procedure 15(a)(2) and/or 20(a)(2), as well as 28 U.S.C. § 1447(e).[4]  However, the more general standards of Rules 15 and 20 do not apply with respect to the requested joinder, after removal, of new defendants whose joinder would destroy diversity jurisdiction.  *See, e.g., Smith v. Robin America, Inc.*, No. 08-3565, 2009 WL 2485549, at *4 (S.D. Tex. Aug. 7, 2009).  Rather, such cases are governed by 28 U.S.C. § 1447(e), which provides that:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).  *See also Smith*, 2009 WL 2485549, at *4.  When considering such an amendment, the court should consider and address the four factors described by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987).  *See Rouf v. Cricket Communications, Inc.*, No. H-13-2778, 2013 WL 6079255, at *3-4 (S.D. Tex. Nov. 19, 2013).

In the present case, affidavits obtained by Plaintiff in one of the related actions indicate that Larchmont, a limited liability company, has Louisiana citizens in its chain of ownership. Therefore, at least Larchmont is an entity "whose joinder would destroy subject-matter jurisdiction" such that Section 1447(e) and *Hensgens* apply and govern the resolution of the present motion to add the two entities.[5]

---

[4] Plaintiff also mentions, in passing, its belief that Larchmont and Jamestown are "indispensable parties" under Rule 19, but it does not press Rule 19 as a basis for the proposed amendment because that rule applies only where the joinder of the party sought to be added "will not deprive the court of subject matter jurisdiction." Fed. R. Civ. P. 19(a)(1).

[5] Plaintiff has not provided Defendants with any evidence concerning the citizenship of Jamestown.

6

**II.     PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD LARCHMONT AND JAMESTOWN SHOULD BE DENIED BECAUSE THE PURPOSE OF THE PROPOSED JOINDER IS TO DESTROY DIVERSITY JURISDICTION.**

In *Rouf*, the Court described the applicable analysis under Section 1447(e) as follows:

> Generally, jurisdiction is determined at the time the suit is filed. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987). An amendment to the complaint that adds a non-diverse party after removal will defeat jurisdiction, and the court must remand. *Id.* at 1182 (citing 28 U.S.C. § 1447(c)). However, when such an amendment occurs, the court "should scrutinize that amendment more closely than an ordinary amendment." *Id.* Consequently, the court must consider whether the joinder of the non-diverse party is proper. *Id.* It is within the court's discretion to determine whether a non-diverse party can be properly added to the suit after removal. *Id.* "Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Id.*
>
> An amendment that would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e). *Hensgen*, 833 F.2d at 1182; *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, *2 (S.D.Tex.2009). Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When considering such amendment, the court should address the following factors in its analysis: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors bearing on the amendment. *Hensgens*, 833 F.2d at 1182.

2013 WL 6079255, at *2. "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Whitworth v. TNT Bestway Transp.*, 914 F. Supp. 1434, 1435 (S.D. Miss. 1995).

**A.     Extent to Which the Purpose of the Amendment is to Defeat Jurisdiction.**

With respect to the first factor, courts consider "'whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.'" *Rouf*, 2013 WL 6079255, at *2 (citing *Gallegos*, 2009 WL 4730570, at *3). *See also Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, No. 5:15-cv-325, 2015 WL 3971415, at *7

7

(W.D. Tex. June 30, 2015); *Wein v. Liberty Lloyds of Texas Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015); *Adey/Vandling, Ltd. v. America First Ins. Co.*, No. A-11-CV-1007-LY, 2012 WL 534838, at *2 (W.D. Tex. Feb. 17, 2012). "Where the plaintiff knew about the non-diverse party's activities at the time he filed suit but did not include that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'" *Wein*, 2015 WL 1275915, at *5 (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995)). Further, if the plaintiff moves to amend his petition to add a non-diverse defendant after the notice of removal has been filed, some courts have considered this to be evidence tending to show a purpose to destroy diversity jurisdiction. *Rouf*, 2013 WL 6079255, at *2.

In the present case, Plaintiff states in its motion for leave to amend that "the Partial Assignments [to Larchmont and Jamestown] were not discovered by Plaintiffs until after this case was removed." ECF No. 13 at 9. However, the correspondence attached as Exhibits A through D hereto demonstrates that Plaintiff, through the same counsel who signed the motion to add Larchmont and Jamestown that included the statement quoted above: (1) made demand on Larchmont and Jamestown *nearly three months prior to the filing of the state court petition* noting the possibility of an assignment to Larchmont and Jamestown under the "Founders Well Participation Program" that was obviously known to Plaintiff; (2) approximately one month later, received a response from Larchmont's and Jamestown's counsel confirming that Larchmont and Jamestown each had been assigned a roughly 2.5% interest in a well under the Lease by Chesapeake Louisiana. Thus, it is abundantly clear from these documents that Plaintiff knew of Larchmont's and Jamestown's interest in the Leases well before it filed its state court

8

petition, yet it made the conscious decision not to follow up and/or include Larchmont and Jamestown as party defendants at that time.

Given that Larchmont and Jamestown appear to stand in the same legal capacity as the PXP Entities with respect to this action (*i.e.,* a transferee of a partial interest in the Lease from Chesapeake Louisiana), the logical conclusion is that Plaintiff chose not to include Larchmont and Jamestown as party defendants initially because of the minor nature of their interest (2.5% in a well under the Leases) and because Plaintiff was fully aware that it could recover the damages attributable to this small interest from the existing party, Chesapeake Louisiana. *See discussion infra*. However, whatever the rationale, given Plaintiff's knowledge of Larchmont's and Jamestown's existence and transferee role prior to the filing of the state court petition, it is clear that Plaintiff's attempt to join Larchmont and Jamestown now, only *after* the action was removed to this Court, is made for the sole purpose of defeating jurisdiction. *See Rouf*, 2013 WL 6079255, at *2 (finding a post-removal proposed amendment to add non-diverse party was made for purpose of defeating jurisdiction where the plaintiff were aware of the non-diverse party at the outset of the litigation); *Zimmerman*, 2015 WL 3971415, at *7-8 (same, and noting that the filing of the motion to amend shortly after removal is further evidence of a primary purpose to defeat jurisdiction); *Wein*, 2015 WL 1275915, at *5 (same); *Adey/Vandling, Ltd.*, 2012 WL 534838, at *2-3 (same, and noting that the proximity in time between the removal and the amendment as contributing to the finding that the new defendants were sought to be added "for the primary purpose of defeating diversity.")

Thus, the first *Hensgens* factor "weighs heavily against" allowing amendment. *Zimmerman*, 2015 WL 3971415, at *8.

9

### B.     Whether Plaintiff was Dilatory in Asking for Amendment.

As the Court stated in *Rouf*, "[w]hile courts generally will not find an amendment dilatory when no trial or pretrial deadlines have been scheduled or no significant activity has occurred in the case, the analysis is different when diversity jurisdiction is at issue." 2013 WL 6079255, at *3. Thus, "[w]hen . . . a plaintiff's true motive in seeking to add a defendant is to defeat jurisdiction, speed is not terribly relevant." *Zimmerman*, 2015 WL 3971415, at *8. While speed is not "terribly relevant," courts have found a delay of two months after the filing of the state court petition or almost thirty days after the notice of removal to be dilatory where, as here, the plaintiff's motive is to defeat jurisdiction. *See Rouf*, 2013 WL 6079255, at *3. In *Rouf*, the Court found that the plaintiffs were dilatory with respect to an amendment filed over a month after the case was originally filed and one month after the notice of removal was filed, noting that "Plaintiffs did not significantly delay the amendment, but the length of the delay coupled with the timing of the amendment convinces the court the plaintiffs were sufficiently dilatory to preclude joinder of non-diverse defendants." *Id. See also Wein*, 2015 WL 1275915, at *6 (finding that second factor weighed against the plaintiff where the amendment was filed one and one-half months after the original state court petition and eleven days after the removal of the action).

In the present action, the motion to amend was filed over three months after the filing of the original petition and over two months after the filing of the notice of removal. The length of these delays is greater than those that the Court found to constitute dilatoriness in *Rouf*. Further, Plaintiff's clear knowledge of Larchmont's and Jamestown's existence and potential role prior to the filing of the state court petition and decision not to amend until after removal buttress the conclusion of dilatoriness (and the conclusion that the purpose of the amendment is to defeat jurisdiction). Thus, the second factors weighs against amendment as well.

### C. Whether Plaintiff will be Significantly Injured if Amendment is not Allowed.

Courts addressing the third *Hensgens* factor look to "whether a plaintiff can be afforded complete relief in the absence of the amendment" and whether "the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system." *Wein*, 2015 WL 1275915, at *6 (quoting *Adey/Vandling*, 2012 WL 534838, at *4). Also relevant are "whether the named defendant would be unable to satisfy a future judgment" and the plaintiff's "likely recovery from the proposed non-diverse defendant." *Rouf*, 2013 WL 6079255, at *3.

Addressing these inquiries, courts have found that the "significant injury" factor weighs against amendment or is neutral where there is no evidence that the named defendant would be unable to satisfy a judgment, and the plaintiff cannot recover anything from the non-diverse defendant that could not already be recovered from the named defendant. *Id.* *See also Zimmerman*, 2015 WL 3971415, at *9 (finding that the burden of litigating against the non-diverse defendant in a separate forum is mitigated by the fact that the plaintiff can likely obtain full relief from the named defendant alone because he seeks money damages on claims for which the named defendant is also liable, and the named defendant has the "deeper pockets"). They have also found this factor to weigh against the plaintiff where the plaintiff's decision not to sue the non-diverse defendant originally despite knowledge of its existence gave "reason to question" whether the plaintiff would actually file a separate suit in state court against that defendant if amendment were not allowed. *See Wein*, 2015 WL 1275915, at *6.

In the present action, Plaintiff may obtain complete relief from the named defendant, Chesapeake Louisiana, regardless of whether Larchmont and Jamestown are joined as defendants. Specifically, under Louisiana Mineral Code article 129, "[a]n assignor or sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing." La. R.S. 31:129. Thus, assuming that Plaintiff is

11

successful in proving that its royalties were underpaid under the lease at issue, Plaintiff may recover the full measure of its damages from Chesapeake Louisiana alone because, on information and belief, there has been no express written discharge of Chesapeake Louisiana with respect to Larchmont's and Jamestown's interests. Further, there is no suggestion that Chesapeake Louisiana would be unable to satisfy this judgment, and, indeed, the amount attributable to Larchmont's and Jamestown's 2.5% interest is minor compared to the remaining 95%+ interest at stake. Finally, it is extremely unlikely that Plaintiff would even bother to sue Larchmont and Jamestown separately in state court if amendment is denied, as: (1) Larchmont's and Jamestown's interests are small and any damages attributable to those interest can be recovered from Chesapeake Louisiana in the present action, and (2) Plaintiff did not bother to include Larchmont or Jamestown as party defendants even though it had full knowledge *before* it filed the state court petition of Larchmont's and Jamestown's existence and role.

Thus, like the first two factors, the third *Hensgens* factor likewise weighs against allowing amendment to add Larchmont and Jamestown.[6]

### D. Conclusion with respect to *Hensgens* factors.

In *Rouf*, the Court held that "[c]onsidering the relevant *Hensgens* factors, the court finds that the proposed amendment is primarily for the purpose of defeating diversity jurisdiction, plaintiffs were somewhat dilatory in amending their complaint, and plaintiffs will not be prejudiced by denial of their amendment." 2013 WL 6079255, at *4. Thus, the Court struck the attempted amended complaint and disallowed joinder of the non-diverse defendant.

The same result should obtain in the present action, which, like *Rouf*, involves a plaintiff which: (a) knew of the non-diverse parties' existence and role prior to filing the original state

---

[6] With respect to the fourth *Hensgens* factor, undersigned Defendants are not aware of any other equitable factors that would bear on the analysis.

court petition yet chose not to add those parties until after removal; (b) waited a significant period of time after filing the original petition to seek amendment, then did so only after the action was removed; and (c) can be afforded complete relief in the absence of the non-diverse party from a named defendant able to satisfy the future judgment. Therefore, this Court should deny Plaintiff's motion for leave to amend Larchmont and Jamestown and retain jurisdiction over this action.

## CONCLUSION

Because all three *Hensgens* factors weigh against amendment (particularly the first factor, as it is clear that the purpose of Plaintiff's attempt to add Larchmont and Jamestown is to defeat jurisdiction), this Court should deny Plaintiff's motion for leave to amend Larchmont and Jamestown and retain jurisdiction over this action.

Respectfully submitted,

JONES WALKER LLP

Michael B. Donald
Attorney in Charge
State Bar No. 00792287
Federal I.D. No. 16891
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: 713/437-1800
Facsimile: 713/437-1810
mdonald@joneswalker.com

*Attorney in Charge for Freeport McMoRan Oil & Gas LLC, PXP Louisiana L.L.C., and PXP Louisiana Operations LLC*

OF COUNSEL:
JONES WALKER LLP
Nicole M. Duarte
State Bar No. 24089880
Federal I.D. No. (pending)
Krystal P. Scott
State Bar No. 24056288
Federal I.D. No. 860552
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: 713/437-1800
Facsimile: 713/437-1810
nduarte@joneswalker.com
kscott@joneswalker.com

## CERTIFICATE OF SERVICE

     I hereby certify that on October 23, 2015, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive electronic service, and that all other counsel of record have been served by e-mail, by facsimile, and/or by depositing same in the United States Mail.

                                                    Michael B. Donald